IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:10CR435 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JUAN LOPEZ-PAIZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 41) filed by the Defendant, Juan Lopez-Paiz.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Lopez-Paiz pleaded guilty to Count I of the Indictment charging him with illegal reentry, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  His plea agreement included in pertinent part: the government's nonbinding recommendation for a 2-level downward departure; Lopez-Paiz's waiver of his right to appeal "any aspect of this case"; and the Defendant's acknowledgment that the sentencing enhancement under 18 U.S.C. § 1326(b)(2) applies due to his prior conviction for attempted robbery, an aggravated felony.

Lopez-Paiz stated the following under oath in his Petition to Enter a Plea of Guilty: he was satisfied with the representation of his attorney, Bassel F. El-Kasaby; he had a right to plead not guilty; the maximum statutory term of imprisonment was 20 years; the judge could impose the same sentence as if he had pleaded not guilty and had been convicted after a trial; the sentence he would receive was solely a matter for the judge to decide; there was no guarantee he would be within any particular sentencing guideline range; prior criminal convictions might increase his sentence; no promises had been made other than those in the plea agreement that caused Lopez-Paiz to plead guilty; he was voluntarily pleading guilty; no officer, attorney, or agent had predicted Lopez-Paiz would receive a lighter sentence in exchange for his guilty plea; he understood the questions in the Petition; the Petition and plea agreement were read to him in his native language; and he understood the plea documents and discussions held in his native language.

At the change of plea hearing, Lopez-Paiz's answers under oath mirrored those in his Petition. A court interpreter assisted at the hearing. Lopez-Paiz agreed that he understood that the plea agreement included a waiver of his right to appeal and a provision stating the § 2316(b)(2) sentencing enhancement for an aggravated felony would apply in light of his prior conviction for attempted robbery. Lopez-Paiz stated that his answers in the Petition were true and correct. He stated that the government could prove his prior conviction of attempted robbery and that he was convicted of that crime.

Defense counsel objected to the initial version of the Presentence Investigation Report ("PSR"), as reflected in the Addendum to the PSR. Included was an objection to the § 1326(b)(2) enhancement relating to the attempted robbery conviction. The objection was not filed with the Court and therefore was deemed waived.

Lopez-Paiz's total offense level was 21, he was placed in Criminal History Category V, and he was within a sentencing guideline range of 70-87 months. The Court sentenced Lopez-Paiz to 60 months imprisonment based on the "fast-track" program. Lopez-Paiz timely filed his § 2255 motion.

## DISCUSSION

Lopez-Paiz argues that his attorney was ineffective for: making false promises with respect to the time he would serve if he pleaded guilty; telling the Defendant he could not file an appeal; advising him that he needed to answer "yes" to the judge's questions, adding that he was unaware of what was happening during court proceedings; and failing to object to the § 1326(b)(2) enhancement for the attempted robbery conviction on the basis that the conviction was not an aggravated felony.

In order to establish ineffective assistance of counsel, Lopez-Paiz must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

**Promises Regarding Term of Imprisonment**

Lopez-Paiz was under oath when he completed the Petition and answered the magistrate judge's questions at the change of plea hearing. On both occasions, Lopez-

Paiz stated that no one had promised him anything outside his plea agreement, he understood the maximum statutory penalty of 20 years, the sentence was a matter for the judge to decide, and he knew his sentence might be different from what he and his attorney expected. Lopez-Paiz's own sworn statements, and the record generally, do not support his claim in his motion that his attorney promised him that he would receive leniency in exchange for his guilty plea.

**Appeal**

The plea agreement included Lopez-Paiz's appeal waiver. At the change of plea hearing he stated under oath that he understood the plea agreement and the waiver of his right to appeal.

**Understanding the Plea Proceedings**

At the beginning of the change of plea hearing, Judge Thalken instructed Lopez-Paiz as follows:

> If at any time during this hearing there's anything that you do not understand, including any words used or questions asked, you're free to consult with your attorney or ask me for an explanation or clarification so that you can and will fully understand these proceedings and what may happen as a result of this hearing.

(Filing No. 30, at 4:12-17.)

At the hearing, the Court's certified interpreter assisted at all times, in person. Lopez-Paiz's attorney, who speaks Spanish, explained that Lopez-Paiz is fluent in Spanish but is not well educated. Defense counsel, Bassel F. El-Kasaby, represented that he was satisfied that Lopez-Paiz understood the Spanish language enough to enter a plea. Lopez-Paiz demonstrated his ability to understand the proceedings when he noted a distinction

4

between armed and attempted robbery. He was not hesitant to speak up when he did not understand, as he did to ask what Magistrate Judge Thomas Thalken meant by the word "guidelines." When Lopez-Paiz indicated his understanding of the sentencing table and where he fell in the table, he told Judge Thalken that he needed no further explanation by El-Kasaby. On at least 30 occasions during the change of plea hearing, Lopez-Paiz responded "yes" when Judge Thalken asked whether he understood what had just been discussed. He specifically stated he had no questions with respect to his plea documents or his plea of guilty.

In summary, the signed plea documents and, in particular, the transcript of the change of plea hearing show that Lopez-Paiz understood the proceedings and asked a question when he did not understand a term. The record does not support his claim that he simply followed instructions to say "yes" to Judge Thalken's questions and that he did not understand the proceedings.

**Aggravated Felony**

The plea agreement stated that Lopez-Paiz acknowledged that his prior conviction for attempted robbery was an aggravated felony and would trigger the § 1326(b)(2) sentencing enhancement. At the plea hearing, Lopez-Paiz stated he understood that the plea agreement included this provision. Despite the inclusion of the enhancement in his plea agreement, according to the Addendum to the PSR El-Kasaby initially objected to the enhancement reflected in the PSR. The objection was not renewed before the Court, and it was deemed waived.

The record shows that Lopez-Paiz not only was aware of the aggravated felony, but that he acknowledged that his prior conviction for attempted robbery was an aggravated felony that would trigger the § 1326(b)(2) enhancement.

## CONCLUSION

For the reasons discussed, Lopez-Paiz cannot prove either prong of the *Strickland* test. Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 41);

2. The Court summarily dismisses the Defendant's § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 8th day of May, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge